**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                    :
ALLEN J. FARMER,                    :
                                    : Civil Action No. 10-5824(SDW)
Plaintiff,                          :
                                    :
v.                                  : **O P I N I O N**
                                    :
BRIAN RIORDAN, et al.,              :
                                    :
Defendants.                         :
                                    :
_____

**APPEARANCES:**

Allen J. Farmer, pro se
190051
Union County Jail
15 Elizabethtown Plaza
Elizabeth, NJ 07207

**WIGENTON,** District Judge

   Plaintiff, Allen J. Farmer ("Plaintiff"), a state pretrial detainee confined at the Union County Jail in Elizabeth, New Jersey at the time he submitted this Complaint for filing, seeks to bring this action in forma pauperis. Based on his affidavit of indigence, the Court will grant plaintiff's application to proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a) (1998) and order the Clerk of the Court to file the Complaint.

   At this time, the Court must review the Complaint, pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, to determine whether it should be dismissed as frivolous or malicious, for failure to state

a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. For the reasons set forth below, the Court concludes that the Complaint should proceed in part.

## I. BACKGROUND

Plaintiff brings this civil action, pursuant to 42 U.S.C. § 1983, against the following defendants: Brian Riordan, Director of Union County Corrections; Sergeant Kenny Houston, Union County Jail Corrections Officer; Sharon Reagan, Union County Jail Registered Nurse; Sergeant Hector Ospence, Union County Jail Corrections Officer; E. Brooks, Union County Jail Corrections Officer; and K. McClave, Union County Jail Corrections Officer.[1] (Complaint, Caption and ¶ 4b, c.) The following factual allegations are taken from the Complaint, and are accepted for purposes of this screening only. The Court has made no findings as to the veracity of Plaintiff's allegations.

Plaintiff alleges that on July 27, 2010, he was being housed in an upper tier pod. On July 28, 2010, he informed unit officers and the sergeant of his medical conditions and his restriction to the lower level. Classification was notified and Plaintiff was informed that he would be moved. On August 2, 2010, Plaintiff slipped on stairs in the unit. On August 3, 2010, while awaiting

---

[1] Plaintiff also names John and Jane Does 1-10 and Prisoner Health Services in the caption but does not set forth any factual allegations in the body of the Complaint against these Defendants. As such, these Defendants will be dismissed from the case.

medical treatment, Plaintiff was assaulted by two correctional officers, in the presence of the area sergeant, who put their knees into his back while he was lying on the ground, unable to stand or walk due to the injury to his back and a previous injury. Plaintiff was made to lay on the ground for two hours and denied medical treatment until he was discovered by an employee from mental health services. (Compl., ¶ 6.)

Plaintiff seeks compensatory damages in the amount of $100,000 from each defendant. (Compl., ¶ 7.)

**II. DISCUSSION**

**A. Legal Standard**

**1. Standards for a Sua Sponte Dismissal**

The Prison Litigation Reform Act, Pub.L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires a district court to review a complaint in a civil action in which a prisoner is proceeding in forma pauperis or seeks redress against a governmental employee or entity.  The Court is required to identify cognizable claims and to sua sponte dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. This action is subject to sua sponte screening for dismissal under both 28 U.S.C. §§ 1915(e)(2) (B) and 1915A, because Plaintiff is a prisoner and is proceeding as an indigent.

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff. See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007) (following Estelle v. Gamble, 429 U.S. 97, 106 (1976) and Haines v. Kerner, 404 U.S. 519, 520-21 (1972)); see also United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992).

Recently, the Supreme Court refined the standard for summary dismissal of a complaint that fails to state a claim in Ashcroft v. Iqbal, 129 S.Ct. 1937 (2009). The Court examined Rule 8(a)(2) of the Federal Rules of Civil Procedure which provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). Citing its opinion in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), for the proposition that "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555), the Supreme Court held that, to prevent a summary dismissal, a civil complaint must now allege "sufficient factual matter" to show that the claim is facially plausible. This then "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." See id. at 1948. The Supreme Court's ruling in Iqbal emphasizes that a plaintiff must demonstrate that the allegations of his complaint are plausible. See id. at 1949-50; see also Twombly, 505

4

U.S. at 555, & n. 3; <u>Fowler v. UPMC Shadyside</u>, 578 F.3d 203 (3d Cir. 2009).

**2. Section 1983 Actions**

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ....

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. <u>See</u> <u>West v. Atkins</u>, 487 U.S. 42, 48 (1988); <u>Piecknick v. Pennsylvania</u>, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

**B. Analysis**

This Court construes the Complaint as alleging an excessive force claim, a failure to protect claim and a denial of medical care claim, all in violation of the Fourteenth Amendment. It also appears that Plaintiff is seeking to bring a claim against Defendant Houston for his failure to move Plaintiff from an upper tier to a lower tier.

**1.   Excessive Force**

Plaintiff alleges that Defendants E. Brooks and K. McClave assaulted him by putting their knees into his lower back and neck while trying to wrestle a jail issued cup from him.  Plaintiff alleges that the officers had no reason to become physical with the him at all.  As Plaintiff is a pretrial detainee, his claim for excessive force against Defendants is analyzed under the Fourteenth Amendment.  See Graham v. Connor, 490 U.S. 386, 392-394 (1989) (cases involving the use of force against convicted individuals are examined under the Eighth Amendment's proscription against cruel and unusual punishment, cases involving the use of force against pretrial detainees are examined under the Fourteenth Amendment, and cases involving the use of force during an arrest or investigatory stop are examined under the Fourth Amendment).

A pre-trial detainee is protected by the Due Process Clause of the Fourteenth Amendment. See Bell v. Wolfish, 441 U.S. 520, 535, n .16, 545 (1979); City of Revere v. Massachusetts General Hospital, 463 U.S. 239, 244 (1983); Fuentes v. Wagner, 206 F.3d 335, 341 n. 7, 9 (3d Cir. 2000); Monmouth County Correctional Institutional Inmates v. Lanzaro, 834 F.2d 326, 346 n. 31 (3d Cir. 1987).  Analysis of whether a detainee or un-sentenced prisoner has been deprived of liberty without due process is governed by the standards set out by the Supreme Court in Bell v. Wolfish, 441 U.S. 520 (1979). Fuentes, 206 F.3d at 341-42.

> In evaluating the constitutionality of conditions or restrictions of pretrial detention that implicate only the protection against deprivation of liberty without due process of law, we think that the proper inquiry is whether those conditions amount to punishment of the detainee. For under the Due Process Clause, a detainee may not be punished prior to an adjudication of guilt in accordance with due process of law....
>
> Not every disability imposed during pretrial detention amounts to "punishment" in the constitutional sense, however. Once the government has exercised its conceded authority to detain a person pending trial, it obviously is entitled to employ devices that are calculated to effectuate this detention....
>
> A court must decide whether the disability is imposed for the purpose of punishment or whether it is but an incident of some other legitimate governmental purpose. Absent a showing of an expressed intent to punish on the part of detention facility officials, that determination generally will turn on "whether an alternative purpose to which [the restriction] may rationally be connected is assignable for it, and whether it appears excessive in relation to the alternative purpose assigned [to it]." Thus, if a particular condition or restriction of pretrial detention is reasonably related to a legitimate governmental objective, it does not, without more, amount to "punishment." Conversely, if a restriction or condition is not reasonably related to a legitimate goal-if it is arbitrary or purposeless-a court permissibly may infer that the purpose of the governmental action is punishment that may not constitutionally be inflicted upon detainees qua detainees....

Bell, 441 U.S. at 535-39 (citations omitted). The Court further explained that the government has legitimate interests that stem from its need to maintain security and order at the detention facility. "Restraints that are reasonably related to the institution's interest in maintaining jail security do not, without

more, constitute unconstitutional punishment, even if they are discomforting and are restrictions that the detainee would not have experienced had he been released while awaiting trial." Id. at 540. Retribution and deterrence, however, are not legitimate nonpunitive governmental objectives. Id. at 539 n. 20. Nor are grossly exaggerated responses to genuine security considerations. Id. at 539 n. 20, 561-62.

Under this standard, Plaintiff has adequately alleged that the Defendants used excessive force against him in violation of his constitutional rights. The allegations may support a claim that Plaintiff was maliciously assaulted by Defendants E. Brooks and K. McClave for no apparent reason other than to "punish" him. There are no allegations that Plaintiff was himself attacking the Defendants. Under these circumstances, if true, Plaintiff may be able to prove that the Defendants' actions were a grossly exaggerated response. Therefore, the excessive force claim, based on the Due Process Clause of the Fourteenth Amendment, will be allowed to proceed past the sua sponte screening stage.

**2. Failure to Protect**

Plaintiff alleges that Sergeant Hector Ospence was present at the time that Plaintiff was assaulted by Defendants Brooks and McClave and he did nothing to intervene, despite his knowing that Plaintiff was unable to move or stand due to falling down the stairs the previous night.

An allegation of failure to protect is evaluated under the Fourteenth Amendment for pre-trial detainees and under the Eighth amendment for convicted prisoners.  Under either analysis, the standard is the same - a defendant violates a plaintiff's constitutional rights if he or she is deliberately indifferent to plaintiff's rights.  <u>Aruanno v. Booker</u>, 2008 WL 5070540, at *4 (D.N.J. November 24, 2008)(citing <u>A.M. ex rel. J.M.K. v. Luzerne County Juvenile Detention Center</u>, 372 F.3d 572, 583 (3d Cir. 2004).  "Deliberate indifference" is a subjective standard in which the official knew of a "substantial risk of serious harm" and disregarded the risk by "failing to take reasonable measures to abate it."  <u>Id.</u> (citing <u>Farmer v. Brennan</u>, 511 U.S. 825, 834, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994).  "To be liable on a deliberate indifference claim, a defendant prison official must both know of and disregard an excessive risk to inmate health or safety. The knowledge element of deliberate indifference is subjective, not objective knowledge, meaning that the official must actually be aware of the existence of the excessive risk; it is not sufficient that the official should have been aware." <u>Beers-Capitol v. Whetzel</u>, 256 F.3d 120, 125 (3d Cir. 2001).

Plaintiff has alleged that Defendant Ospence was present at the time of the assault and did nothing to stop the assault. Therefore, at this point, Plaintiff has put forth sufficient facts to allow this claim to proceed past the <u>sua sponte</u> screening stage.

### 3.  Denial of Medical Care

Plaintiff alleges that Defendant Sharon Reagan witnessed the Plaintiff lying on the ground after being assaulted and denied him medical attention, even after being told that he could not get up or move from the ground.

Since Plaintiff was a pretrial detainee at the time of the alleged injury, the Fourteenth Amendment is applicable. See City of Revere v. Massachusetts General Hospital, 463 U.S. 239, 243-45 (1983)(holding that the Due Process Clause of the Fourteenth Amendment, rather than the Eighth Amendment, controls the issue of whether prison officials must provide medical care to those confined in jail awaiting trial); Hubbard v. Taylor, 399 F.3d 150, 158 (3d Cir. 2005); Fuentes v. Wagner, 206 F.3d 335, 341 n.9 (3d Cir.), cert. denied, 531 U.S. 821 (2000); Monmouth County Correctional Institutional Inmates v. Lanzaro, 834 F.2d 326, 346 n.31 (3d Cir. 1987), cert. denied, 486 U.S. 1006 (1988). See also Montgomery v. Ray, 145 Fed. Appx. 738, 740, 2005 WL 1995084 (3d Cir. 2005)(unpubl.)("the proper standard for examining such claims is the standard set forth in Bell v. Wolfish, ...; *i.e.* whether the conditions of confinement (or here, inadequate medical treatment) amounted to punishment prior to adjudication of  guilt....") (citing Hubbard, 399 F.3d at 158).  In Hubbard, the Third Circuit clarified that the Eighth Amendment standard only acts as a floor for due process inquiries into medical and non-medical conditions

of pretrial detainees. 399 F.3d at 165-67.

Plaintiff has alleged that Defendant Reagan saw him lying on the ground after the assault and refused to provide medical attention. These allegations are sufficient to allow this claim to proceed past the sua sponte screening stage.

**4. Claim Against Kenny Houston**

On July 28, 2010, Plaintiff informed the unit officers and the sergeant that he had a medical restriction for a lower-tier pod. Classification was notified and Plaintiff was told that he would be moved. On August 2, 2010, Plaintiff slipped on the stairs in the unit. Plaintiff alleges that Defendant Houston is responsible for placing him in an upper tier cell even though Plaintiff had a medically required lower tier restriction.

Where defendants merely have failed to exercise due care in failing to prevent harm to an inmate, as alleged in this instance, such negligence is insufficient to establish a violation of the Eighth or Fourteenth Amendment. See Davidson v. Cannon, 474 U.S. 344, 345-48, 106 S.Ct. 668, 88 L.Ed.2d 677 (1986); Schwartz v. County of Montgomery, 843 F.Supp. 962 (E.D.Pa.), aff'd, 37 F.3d 1488 (3d Cir.1994) (mere negligence insufficient to support a § 1983 action for violation of the Eighth or Fourteenth Amendments).

Plaintiff slipped on the stairs only five days after informing the unit officers and sergeant of his medical restriction to a lower-tier pod and Plaintiff had already been informed that he

11

would be moved.  At best, Plaintiff's claim would constitute a claim for negligence.  Therefore, Plaintiff's Fourteenth Amendment claim against Defendant Houston will be dismissed.

**5. Claims against Defendant Riordan**

Plaintiff alleges that "Mr. Riordan maintained an environment that was of such a grossly negligent nature and clear deliberate indifference to inmates that such conditions are unjust and unconstitutional." (Compl., ¶4b.)  These are the only allegations related to Mr. Riordan.  As such, the Court finds that the claim against Defendant Riordan must be dismissed at this time because it is based solely on a claim of supervisor liability.

As a general rule, government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior. See Iqbal, 129 S.Ct. at 1948; Monell v. New York City Dept. Of Social Servs., 436 U.S. 658, 691 (1978) (finding no vicarious liability for a municipal "person" under 42 U.S.C. § 1983); Robertson v. Sichel, 127 U.S. 507, 515-16 (1888) ("A public officer or agent is not responsible for the misfeasances or position wrongs, or for the nonfeasances, or negligences, or omissions of duty, of subagents or servants or other persons properly employed by or under him, in discharge of his official duties"). In Iqbal, the Supreme Court held that "[b]ecause

vicarious or supervisor liability is inapplicable to Bivens[2] and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Iqbal, 129 S.Ct. at 1948. Thus, each government official is liable only for his or her own conduct. The Court rejected the contention that supervisor liability can be imposed where the official had only "knowledge" or "acquiesced" in their subordinates conduct. Id., 129 S.Ct. at 1949.

Here, there are no allegations of any wrongful conduct with respect to Defendant Riordan other than a bald allegation that defendant acted in his supervisory capacity over the Union County Jail. Accordingly, any § 1983 claim must be dismissed as against this Defendant at this time, because Plaintiff alleges nothing more than mere conclusory statements of liability with no factual support to meet the pleading threshold as set forth in Iqbal, 129 S.Ct. at 1949-50.

**IV. CONCLUSION**

For the reasons set forth above, Plaintiff's Complaint asserting claims for relief under 42 U.S.C. § 1983, namely an excessive force claim against Defendants Brooks and McClave; a failure to protect claim against Defendant Ospence; and a denial of medical care claim against Defendant Reagan will be allowed to

---

[2] Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971).

proceed at this time.  However, the Complaint will be dismissed without prejudice, in its entirety, as against Defendants John and Jane Does 1-10; Prisoner Health Services; Kenny Houston; and Brian Riordan , pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), for failure to state a claim upon which relief may be granted at this time.  Plaintiff may move to file an amended complaint to correct these deficiencies, and to allege sufficient facts to demonstrate the plausibility of these claims, as outlined in _Iqbal_, and in accordance with this Opinion.  Plaintiff's motion to amend must adhere to the court rules.  An appropriate order follows.

Dated: February 24, 2011

                                                s/Susan D. Wigenton
                                                Susan D. Wigenton
                                                United States District Judge