UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

ALLEN J. FARMER,

        Plaintiff,

v.

BRIAN RIORDAN, et al.,

        Defendants.

Civil Action No. 10-5824 (SDW)

O R D E R

The Court having considered Plaintiff's application to proceed in forma pauperis and file the complaint without prepayment of fees pursuant to 28 U.S.C. § 1915; and the Court having screened the complaint to determine whether dismissal is warranted pursuant to 28 U.S.C. § 1915(e)(2); and Plaintiff, having named additional defendants that have not been noted on the docket;

It is on this 24th day of February, 2011;

ORDERED that the Clerk of the Court shall add the following defendants to this docket, as set forth in Plaintiff's complaint (docket entry 1) at page 4 of 8: Sharon Reagan; and Hector Ospence; and it is further

ORDERED that Plaintiff may proceed in forma pauperis without prepayment of the $350.00 filing fee pursuant to 28 U.S.C. § 1915(a) and (b); and it is further

ORDERED that the Clerk of the Court is directed to file the complaint in the above-captioned action; and it is further

ORDERED that Plaintiff's excessive force claim against Defendants Brooks and McClave; a failure to protect claim against

Defendant Ospence; and a denial of medical care claim against Defendant Reagan shall proceed; the Clerk of the Court shall issue summons, and the United States Marshal shall serve a copy of the complaint, summons, and this order upon these defendants pursuant to 28 U.S.C. § 1915(d), with all costs of service advanced by the United States; and it is further

ORDERED that the these Defendants, Brooks, McClave, Ospence and Reagan, shall file and serve a responsive pleading within the time specified in Federal Rule of Civil Procedure 12, pursuant to 42 U.S.C. § 1997e(g)(2); and it is further

ORDERED that all other Defendants and claims are dismissed, without prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1); and it is further

ORDERED that, pursuant to 28 U.S.C. § 1915(e)(1) and § 4(a) of Appendix H of the Local Civil Rules, the Clerk shall notify Plaintiff of the opportunity to apply in writing to the assigned judge for the appointment of pro bono counsel in accordance with the factors set forth in Tabron v. Grace, 6 F.3d 147 (3d Cir. 1993), cert. denied, 510 U.S. 1196 (1994), which sets forth the requirements for eligibility for appointment of pro bono counsel.  Plaintiff is advised that such appointment is not automatic; and it is further

ORDERED that the Clerk shall enclose with such notice a copy of Appendix H and a form Application for Appointment of Pro Bono Counsel; and it is further

ORDERED that, if at any time Plaintiff seeks the appointment of pro bono counsel, pursuant to Fed. R. Civ. P. 5(a) and (d), plaintiff shall (1) serve a copy of the Application for Appointment of Pro Bono Counsel by regular mail upon each party at his last known address, or, if the party is represented in this action by an attorney, upon the party's attorney at the attorney's address, and (2) file a Certificate of Service with the Application for Pro Bono Counsel; and it is further

ORDERED that Plaintiff is assessed a filing fee of $350.00 which shall be deducted from Plaintiff's institutional account pursuant to 28 U.S.C. § 1915(b)(2) in the manner set forth below, regardless of the outcome of the litigation; and it is further

ORDERED that, pursuant to 28 U.S.C. § 1915(b)(2), until the $350.00 fee is paid, each month that the amount in Plaintiff's prison account exceeds $10.00, the agency having custody of Plaintiff shall assess, deduct from his institutional account, and forward to the Clerk payments equal to 20% of the preceding month's income credited to Plaintiff's institutional account, with each payment referencing the civil docket number of this action.

s/Susan D. Wigenton
SUSAN D. WIGENTON
United States District Judge